# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **COMMONWEALTH ANNUITY AND LIFE INSURANCE COMPANY** <br><br> Plaintiff <br><br> V. <br><br> **THE ESTATE OF EFRAIN JIMENEZ-AYALA** et al <br><br> Defendants | **CIVIL ACTION NO. 18-01418 (DRD)** <br><br><br> **INSURANCE** <br><br> (Diversity) |

## *YARITZA JIMENEZ SANTIAGO'S ANSWER TO COMPLAINT FOR INTERPLEADER*

**TO THE HONORABLE COURT**:

**COMES NOW** defendant, **The Estate of Efrain Jimenez-Ayala,** represented by its sole heir **Yaritza Jiménez-Santiago** (hereinafter referred as the "Defendant"), through the undersigned legal counsel, and very respectfully ANSWERS Commonwealth Annuity and Life Insurance Company's ("Plaintiff" or "Commonwealth") Complaint for Interpleader ("Interpleader") as follows:

## PARTIES

1. Commonwealth is a corporation organized and existing under the laws of the Commonwealth of Massachusetts and has its principal place of business in Massachusetts.

    **Response:** Based upon information and belief, Paragraph 1 is hereby admitted.

2. Upon information and belief, Efraín Jiménez-Ayala ("Decedent") was a resident of Puerto Rico who received life insurance coverage under Policy No. V059846900 ("Policy") that was issued by a predecessor of Commonwealth.

**Response:** Paragraph 2 is admitted.

3. Pursuant to 28 U.S.C. § 1332(c)(2), "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." Thus, the legal representative of Defendant Estate of Efraín Jiménez-Ayala ("Estate") shall be deemed to be a citizen of Puerto Rico, as the Decedent was a resident of Puerto Rico.

**Response:** Paragraph 3 contains a legal conclusion for which no answer is required. If an answer were required, Defendant admits that she is resident of Puerto Rico as well as her deceased father.

4. Upon information and belief, Defendant Yaritza Jiménez-Santiago ("Ms. Jiménez") is an individual and resident of Bayamón Municipality, Puerto Rico. Ms. Jiménez is the daughter of the Decedent.

**Response:** Paragraph 4 is hereby admitted.

5. Upon information and belief, Defendant William Jiménez-Santiago ("Mr. Jiménez") is an individual and resident of San Juan Municipality, Puerto Rico. Mr. Jiménez is the son of the Decedent.

**Response:** Paragraph 5 is hereby admitted. Based upon information and belief, Mr. Jiménez formally repudiated his interest in the Estate.

6. Upon information and belief, Defendant Máxima Bruno Diffo ("Ms. Bruno") is an individual and resident of San Juan Municipality, Puerto Rico. Ms. Bruno was married to the Decedent.

**Response:** Upon information and belief, Ms. Bruno residency is admitted. It is denied that she was married to Decedent by the date of his death. Moreover, and although she was appointed as executor of Decedent's Last Will and Testament, she resigned to such appointment and any interest in the Estate.

7. Upon information and belief, Defendant Rene Aponte-Caratini ("Mr. Aponte") is an individual and resident of San Juan Municipality, Puerto Rico. A portion of the Policy was collaterally assigned to Mr. Aponte in February 1996. (The Estate, Ms. Jiménez, Mr. Jiménez, Ms. Bruno, and Mr. Aponte will be collectively referred to herein as the "Defendants" or the "Competing Claimants.")

**Response:** Upon information and belief, the residency of Mr. Aponte is admitted. With respect to the collateral assignment of the Policy in 1996, it is further clarified that such obligation was cancelled upon payment from Mr. Efrain Jimenez-Ayala to Mr. Aponte before his death. As a matter of fact, any claim that may exist from Mr. Aponte expired fifteen years after its issuance becoming time-barred since February 2010.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action pursuant to Rule 22 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1332.

**Response:** Paragraph 8 contains a legal conclusion for which no answer is required. If an answer were required, it is admitted.

9. The Court has jurisdiction under Rule 22 of the Federal Rules of Civil Procedure, which provides that "Persons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead." FED. R. CIV. P. 22.

**Response:** Paragraph 9 contains a legal conclusion for which no answer is required. If an answer were required, it is admitted.

10. This matter also meets the jurisdictional requirements of 28 U.S.C. § 1332, under which no plaintiff may be a citizen of the same state as any defendant, and the amount at stake must exceed the sum or value of $75,000. Here, Commonwealth is a Massachusetts corporation, and all of the Defendants are residents of Puerto Rico. The Plaintiff is not a citizen of the same state as any of the Defendants. The amount at stake is more than $75,000, not counting interest and costs of court. More specifically, the remaining death benefit at issue as of June 20, 2018, is $338,233.062 ("Remaining Life Proceeds").

**Response:** Paragraph 10 contains a legal conclusion for which no answer is required. If an answer were required, it is admitted.

11. Venue is proper under 28 U.S.C. § 1391(b)(1), because all of the Defendants live in Puerto Rico, which is located in this Court's judicial district. Additionally, venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this Interpleader occurred in the District of Puerto Rico.

**Response:** Paragraph 11 contains a legal conclusion for which no answer is required. Ms. Jiménez concedes that the facts underlying this action occurred in Puerto Rico.

**FACTUAL ALLEGATIONS**

12. In 1994, the Decedent applied for and purchased a $1,352,000 variable universal life insurance policy (again, the "Policy") from a predecessor of Commonwealth.

**Response:** Paragraph 12 is admitted.

13. In February 1996, the Decedent collaterally assigned 25 percent of the value of the Policy (the "Collateral Assignment") to Mr. Aponte to guarantee a series of 23 promissory notes. A copy of the Collateral Assignment is attached hereto as Exhibit A. The Estate has alleged that the Collateral Assignment has been released. However, Commonwealth has never received a release of assignment form or any records or other evidence indicating that the amount owed to Mr. Aponte on the 23 promissory notes has ever been paid, which would have released the Collateral Assignment. Thus, this 25 percent portion of the Policy's death benefits remain in dispute.

**Response:** Upon information and belief, Decedent's collateral assignment of 25 percent of the Policy to Mr. Aponte is admitted. It is further admitted that the Collateral Assignment has been released. Although Ms. Jimenez could not find any documentation to support such release, it is hereby denied hat the 25 percent portion of the Policy's death benefits remain in dispute since all obligations from the Collateral expired15 years after issuance in February 2010 and any claims from Mr. Aponte are time-barred under Puerto Rico law.

14. In January 2015, Decedent passed away. The Collateral Assignment and Decedent's Nomination of Beneficiary and Request form dated March 7, 2000, indicate that the Estate, Ms. Jiménez, Mr. Jiménez, Ms. Bruno, and/or Mr. Aponte are potential beneficiaries of the Remaining Life Proceeds. A copy of the Nomination of Beneficiary and Request form is attached hereto as Exhibit B.

**Response:** Upon information and belief, Paragraph 14 is admitted as to the date when Mr. Jiménez Ayala passed away, the Collateral Assignment and Decedent's Nomination of Beneficiary and Request form. However, with respect to potential beneficiaries of the Remaining Life Proceeds, it is denied since defendants Mr. Jiménez and Ms. Bruno repudiated any interest

in the Estate or any other property interest and, in the case of defendant Aponte, any claim or right expired on February 2010 and are time-barred under Puerto Rico law.

15. The Estate has indicated to Commonwealth that Mr. Aponte predeceased the Decedent in 2007. However, Commonwealth has been unable to locate Mr. Aponte or determine whether Mr. Aponte is still living. Correspondence from Commonwealth to Mr. Aponte inquiring about the Collateral Assignment and the Decedent has gone unanswered.

**Response:** Paragraph 15 is admitted. It is further stated that Ms. Jiménez, through her legal representation, informed Commonwealth that Mr. Aponte's death predeceased her father in 2007 and had no further information to proceed with the collection of the Remaining Life Proceeds.

16. Seventy-five percent of the death benefits in connection with the Policy have been paid to Ms. Jiménez, Mr. Jiménez, and Ms. Bruno, and the remaining death benefit at issue as of June 20, 2018, is $338,233.06 (again, the "Remaining Life Proceeds").

**Response:** Paragraph 16 is admitted.

17. Given that there are conflicting accounts as to whether Mr. Aponte is living and whether the amount owed to Mr. Aponte on the 23 promissory notes (in connection with the Collateral Assignment) has ever been paid, Commonwealth is in the position of addressing conflicting claims to the Remaining Life Proceeds. In particular, the Estate, Ms. Jiménez, Mr. Jiménez, Ms. Bruno, and Mr. Aponte could each potentially be an appropriate beneficiary under the Policy, and the ambiguous beneficiary to the Remaining Life Proceeds exposes Commonwealth to competing claims. Accordingly, it is unclear whether the Estate, Ms. Jiménez, Mr. Jiménez, Ms. Bruno, or Mr. Aponte are entitled to some or all of the Remaining Life

Proceeds, and in order to protect against multiple and inconsistent claims and/or liability, Commonwealth respectfully files this Interpleader.

**Response:** The allegations in Paragraph 17 are denied as drafted. It is admitted that Ms. Jiménez is the sole beneficiary of the Remaining Life Proceeds since Mr. Jimenez and Ms. Bruno repudiated any interest in the Estate of Decedent or any other property or funds. It is also admitted that, since Mr. Aponte predeceased the Decedent in 2007 and all obligations related to the Collateral expired on February 2010 time-barring any claim in connection with the Remaining Life Proceeds, Ms. Jiménez is the sole party entitled to receive the sums consigned by Commonwealth in the Registry of the Court.

## COUNT ONE: Interpleader of Claims

18. Commonwealth realleges and reincorporates paragraphs 1-17 as if fully set forth herein.

**Response:** Paragraph 18 contains legal conclusions that require no answer. If an answer were required, it is denied.

19. Commonwealth is a disinterested stakeholder in the Remaining Life Proceeds and has at all times acted in good faith with respect to those proceeds and the Competing Claimants thereto.

**Response:** Paragraph 19 contains allegations characterizing Commonwealth's actions in connection with the instant case. If an answer were required, it is denied that Plaintiff has acted accordingly to Ms. Jiménez's only valid claim requesting the payment of Remaining Life Proceeds.

20. The Collateral Assignment and Decedent's Nomination of Beneficiary and Request form indicate that the Estate, Ms. Jiménez, Mr. Jiménez, Ms. Bruno, and/or Mr. Aponte are potential beneficiaries of the Remaining Life Proceeds.

**Response:** Paragraph 20 is admitted to the extent that both Collateral Assignment and Decedent's Nomination of Beneficiary and Request Form state. However, events after Decedent's execution of such documents have limited the potential beneficiaries of the Remaining Life Proceeds to Ms. Jiménez appearing herein.

21. Given the lack of clarity surrounding the proper beneficiary, Commonwealth is or may be exposed to double or multiple liability because the Competing Claimants all claim or may claim to be entitled to the Remaining Life Proceeds, adverse to, and independent of, one another.

**Response:** Paragraph 21 is hereby denied as drafted. Commonwealth has been properly addressed by Ms. Jiménez to clarify and dissipate any doubt upon events after Decedent's execution of such documents have limited the potential beneficiaries of the Remaining Life Proceeds.

22. The Competing Claimants are properly joined as Defendants because in their absence complete relief cannot be accorded. If they are not so joined, Commonwealth would be subject to a substantial risk of incurring double or multiple liability by reason of Competing Claimants' potential claims.

**Response:** Paragraph 22 contains legal conclusions that require no answer. If an answer were required, it is denied.

23. Upon service of the Defendants with this Complaint in Interpleader, Commonwealth intends to file a Motion to Interplead Funds, requesting that this Court enter an

Order allowing Commonwealth to interplead the Remaining Life Proceeds, plus any applicable interest, into the Registry of the Court.

**Response:** Paragraph 23 contains legal conclusions that require no answer. If an answer were required, it is denied.

24. Commonwealth will then tender forthwith for deposit into the Registry of the Court, or such other depository as the Court may direct, a check in the amount of $338,233.06, plus any applicable interest, which represents the amount of the Remaining Life Proceeds as of June 20, 2018.

**Response:** Paragraph 24 contains legal conclusions that require no answer. If an answer were required, it is denied.

## CONCLUSION

WHEREFORE, Commonwealth respectfully requests this Honorable Court enter an Order:

1. Enjoining, preliminarily and permanently, the Defendants/Competing Claimants, individually and collectively, from instituting or prosecuting any action, suit, or proceeding against Commonwealth in any state or United States court relating to the Remaining Life Proceeds;

**Response:** Denied as drafted. It is affirmatively alleged hat, in her capacity as remaining legal heir of Decedent, Ms. Jiménez reserves the right to institute or prosecute any action against Commonwealth related to the Remaining Life Proceeds.

2. Making all necessary parties Defendants and requiring them to interplead their claims to the Remaining Life Proceeds;

**Response:** Denied as drafted. It is affirmatively alleged that Ms. Jiménez does not have any causes of action against Defendants other than the claim against Commonwealth for the Remaining Life Proceeds.

3. Forever discharging Commonwealth from any and all liability to the Competing Claimants, individually or collectively, for any claim, demand, action, or cause of action arising out of or relating to the Remaining Life Proceeds;

**Response:** Denied.

4. Awarding Commonwealth attorneys' fees and costs associated with interpleading this matter; and

**Response:** Denied. Commonwealth is not entitled to any legal fees in the case at hand.

5. Awarding Commonwealth further relief as this Court deems just and proper.

**Response:** Denied.

## AFFIRMATIVE DEFENSES

1. The complaint fails to state a claim upon which relief can be granted.
2. Ms. Jiménez is the remaining legal heir entitled to receive the Remaining Life Benefits held by Commonwealth.
3. Plaintiff failed to mitigate alleged damages.
4. Ms. Jiménez acted in good faith and in strict conformity with all her obligations to validate her ownership of the Remaining Life Proceeds held by plaintiff.

5. Ms. Jiménez has no pending controversies with codefendants Mr. Jiménez and Ms. Bruno, since these heirs of Decedent repudiated and waived all their rights on any property or interest in the Estate.

6. Ms. Jiménez has no pending controversies with Mr. Aponte since the obligations guaranteed with the Collateral have expired since 2010 and are time barred to any claim.

7. Because Decedent's personal contractual obligations with Mr. Aponte expired in 2010 and are time-barred under Puerto Rico law that provides a term of fifteen years as statute of limitations for claims under personal obligations.

8. Commonwealth cannot include Mr. Aponte as interested party in the Remaining Life Benefits under its control.

9. Assumption of risk,

10. Contributory negligence.

11. Estoppel.

12. Illegality.

13. Laches.

14. Res judicata.

15. Statute of limitations.

16. Waiver.

17. Ms. Jiménez reserves the right to add or strike affirmative defenses, depending on the results of the discovery that will take place in the case.

**WHEREFORE**, TSS respectfully requests that this Court:

1. Enter judgment on Ms. Jiménez behalf on each of the counts in Plaintiff's complaint;

2. Direct Commonwealth to pay Ms. Jiménez the sum of $338,233.062 plus interest of the Remaining Life Proceeds corresponding to her father's insurance policy.

3. Award Ms. Jiménez costs and attorney's fees, and;

Grant Ms. Jiménez such other and further relief as this Court deems fair and equitable

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 21st day of January 2019.

**I HEREBY CERTIFY** that a true copy of the foregoing motion has been uploaded to the CM/ECF system which will send notification of filing to all attorneys of record.

Attorneys for Defendant
**Sanabria Bauermeister Garcia & Berio LLC**
PO Box 363068
San Juan, PR 00936-3068
Physical Address:
33 Resolución St.
Corporate Center - Suite 202
San Juan, PR 00920
Telephone: 787-300-3200
Fax: 787-300-3208

*s/ Jorge A. Fernández Reboredo*

**Jorge A. Fernández Reboredo**
USDC-PR 209302
E-mail: jfr@sbgblaw.com

1082.008